Dear Mr. Dagate:
This office is in receipt of your request for an opinion of the Attorney General in regard to the issue of Terrebonne Levee and Conservation District being mandated to participate in the Louisiana Civil Service System. You indicate the Terrebonne Levee and Conservation District was created by Act 1407 of 1997, replacing the South Terrebonne Parish Tidewater Management and Conservation District and the North Terrebonne Parish Drainage and Conservation District which did not participate in the civil service system.
With regard to your statement that South Terrebonne Parish Tidewater Management and Conservation District, and North Terrebonne Parish Drainage and Conservation District did not participate in the civil service system, this office previously opined that neither were classified as a levee district or a levee and drainage district. Atty. Gen. Op. 98-351.
You also note that Atty. Gen. Op. 84-75 cites Section 44(2) of Article VI which includes levee districts in its definition of "political subdivision", and then opined that "levee districts are local political subdivisions and are not state agencies of the executive branch of state government." However, in this regard we recognize that R.S. 38:329(A) specifically states that "the Terrebonne Levee and Conversation District shall constitute a political subdivision of the state of Louisiana within the meaning of Article VI, Section 44 of the Constitution of Louisiana".
Additionally, we find it significant that this office stated in Atty. Gen. Op. 83-282 in regard to the Atchafalaya Basin Levee District that "the fact that employees of levee districts are classified state Civil Service employees, it is clear that members of a levee board are, likewise, officials of a state agency." This conclusion is consistent with the observation of this office in Atty. Gen. Op. 78-1408 that "employees of the Lafouche Basin Levee District are covered by Civil Service yet are working in Plaquemines Parish."
Moreover, it is clear that the levee district police are covered by civil service. As related by this office in Atty. Gen. Ops. 96-22 and 95-98, R.S. 38:326 provides that any levee district may employ persons as levee district police officers who are responsible for maintaining order and exercising police power within the district. It further states they shall be commissioned as a peace officer by the Department of Public Safety and Corrections, and, "Such commission shall remain in force and effect at the pleasure of the president of the levee district or levee and drainage district and the Department of Public Safety and Corrections subject to applicable civil service regulations."
Significantly, in Board of Com'rs v. Dept. of Natural Resources,496 So.2d 281 (La. 1986) the Supreme Court stated as follows:
 The well settled principle that a levee district is a creature or agency of the state was confirmed by the 1974 Louisiana Constitution. The levee districts which previously had been recognized in the jurisprudence as state agencies were continued as organized and constituted. La. Const. 1974, Art. VI, § 38(A). The 1974 Constitution affirmed the legislature's power by law to create, consolidate, divide, or merge levee districts.
The Supreme Court further observed therein that the levee board was an agency of the state brought into existence for the purpose of discharging the state's duties of flood protection. The Court stated, "Accordingly, as between the state and its agency, property is placed under the control of the agency for supervision and administration, the land to all practical intents and purposes being still the property of the state."
We find that this office in Atty. Gen. Op. 92-141 observed, "While the jurisprudence is not uniform levee districts have been held to be political subdivisions. * * * Further, this office has consistently opined that levee boards are local political subdivisions and political corporations of a local nature, and not state agencies." On the basis of the conclusion of the Supreme Court in Board of Com'rs case, supra, that a levee district is an agency of the State to discharge the duties of the state, we find that Atty. Gen. Op. 92-141 should be recalled in failing to follow this decision of the Supreme Court, and instead relying upon court decisions of 1962 and 1942, and opinions of this office rendered in 1984 and earlier.
The conclusion of the Supreme Court that Levee Districts are state agencies, must be read in conjunction with Art. 10, § 1, La. Const. which establishes the state civil service system. It is provided therein that it includes all persons holding "employment in the employ of the state or any instrumentality thereof", but states that it shall not include "persons holding offices and positions of any municipal board of health or local governmental subdivision." (Emphasis added.)
Under the reasoning of the Louisiana Supreme Court, this office must conclude that a levee district is a political subdivision of the state acting as an agency of the State rather than a local governmental subdivision. Therefore, the Terrebonne Levee and Conservation District should participate in the State Civil Service System.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr